1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:10-cv-01881 OWW GSA |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATIONS** |
| ) | **REGARDING PLAINTIFF'S** *EX PARTE* |
| v. ) | **APPLICATION FOR DEFAULT** |
| ) | **JUDGMENT AND FINAL JUDGMENT** |
| 2007 CHEVROLET SILVERADO 1500 ) | **OF FORFEITURE** |
| PICKUP TRUCK, VIN: ) | |
| 1GCEK14J27Z545955, CALIFORNIA ) | (Document 21) |
| LICENSE NO. 8G37483 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

18

19                              **INTRODUCTION**

20        In this civil forfeiture action, Plaintiff United States of America (or the "Government")

21  seeks:

22        1.    Default judgment against the interests of Jorge Vargas and Mireya Vargas in a

23              2007 Chevrolet Silverado 1500 Pickup Truck, VIN 1GCEK14J27Z545955,

24              License No. 8G37483 ("Defendant Property");

25        2.    Entry of a final forfeiture judgment to vest in the Government all right, title and

26              interest in the Defendant Property.

27

28                                      1

This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument on the now vacated July 29, 2011 hearing, pursuant to this Court's Local Rule 230(g) and 540(d).  For the reasons discussed below, this Court RECOMMENDS to:

1.   GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property; and

2.   ORDER the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## FACTUAL BACKGROUND

### Seizure of Defendant Property

In April 2010, officers with the Fresno Police Department received information concerning the sales of methamphetamine in the City of Fresno.  The subsequent investigation revealed Jorge Vargas, to be the source of supply of the methamphetamine sales.  Officers utilizing a confidential source (hereafter "CS") to arrange for the sale of one ounce of methamphetamine to an officer acting in undercover capacity.  (Doc. 1 at ¶ 5.)

On April 29, 2010, officers utilized the CS to arrange a narcotic transaction at the Economy Inn located at 4209 N. Blackstone Avenue, Room 131.  Officers observed the CS arrive at this location in a red Oldsmobile driven by a subject later identified as Laura Castillo (hereafter "Castillo"), the CS then exited the vehicle and entered Room 131. Agents observed the red Oldsmobile driven by Castillo subsequently depart the location and return a short time later accompanied by the defendant vehicle driven by Jorge Vargas.  (Doc. 1 at ¶¶ 6 & 7.)

Upon arriving at the Economy Inn, Jorge Vargas parked the defendant vehicle next to the red Oldsmobile driven by Castillo.  Castillo then exited her vehicle and knocked on the door of Room 131, at which point she was detained by officers inside of the room.  (Doc. 1 at ¶ 7.)

1    Assisting detectives then made their approach to detain Jorge Vargas.  (Doc. 1 at ¶ 7.)  Upon

2    approaching the defendant vehicle, officers observed Jorge Vargas run from the defendant

3    vehicle; he was subsequently arrested for obstruction, parole violation, and sales of

4    methamphetamine.  (Doc. 1 at ¶ 7.)  During the subsequent search of the defendant vehicle

5    officers located approximately one ounce of methamphetamine on the center console.  (Doc. 1 at

6    ¶ 8.)  The investigation revealed phone calls and text messages between Castillo and Jorge

7    Vargas concerning the narcotic transaction and that Jorge Vargas was on active California

8    Department of Corrections parole for drug sales.  (Doc. 1 at ¶ 9.)

9        ***The Government's Claims***

10       On October 6, 2010, the Government filed its complaint for forfeiture *in rem* to claim:

11   (1) that the Defendant Property is subject to forfeiture to the Government under Title 21 of the

12   United States Code section 881(a)(4) in that the vehicle constitutes a conveyance used or

13   intended to be used to transport, or in any matter to facilitate the transportation, sale, receipt,

14   possession, or concealment of a controlled substance in violation of  Title 21 of the United States

15   Code section 841, *et seq.*  (*See* Doc. 1.)

16       On October 25, 2010, based upon the allegations set forth in the Complaint, the Clerk of

17   the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Property.  (Doc. 5; *see*

18   *also* Doc. 9.)  The warrant was executed on November 18, 2010.  (*See* Doc. 10.)

19       ***Notice of Forfeiture Action***

20       On October 29, 2010, this Court authorized publication of the forfeiture action via the

21   internet forfeiture website at www.forfeiture.gov for at least thirty (30) days.  (Doc. 6.)  On

22   December 22, 2010, the Government filed its Declaration of Publication.  (Doc. 11.)

23           1.    *Jorge Vargas*

24       On October 26, 2010, copies of the complaint, arrest warrant, publication order and other

25   related papers were served via first class and certified United States Mail to Jorge Vargas at his

26   last known address located at 200 Maldonado Street in Mendota, California 93640.  On

27

28                                        3

1   December 16, 2010, the certified mail documents were returned as unclaimed.  (Doc. 21-1 at ¶

2   3.)

3            On November 26, 2010, the Government attempted unsuccessfully to personally serve

4   Jorge Vargas with copies of the complaint, arrest warrant, publication order and other papers

5   related to this action, at the aforementioned address.  (Doc. 21-1 at ¶ 4.)

6            On or about March 10, 2011, the Government received information indicating Jorge

7   Vargas was incarcerated at the Sierra Conservation Center in Jamestown, California.  On March

8   12, 2011, copies of the complaint, arrest warrant, publication order and other related papers were

9   served via first class and certified United States Mail to Jorge Vargas at the Sierra Conservation

10  Center, 5100 O'Byrnes Ferry Road in Jamestown, California.  (Doc. 21-1 at ¶ 5.)

11           On April 11, 2011, the Government personally served Jorge Vargas via the litigation

12  coordinator at the state prison facility, with copies of the complaint, arrest warrant, publication

13  order and other papers related to this action, at the Jamestown, California address.  (Doc. 21-1 at

14  ¶ 4.)

15                    2.    *Mireya Vargas*

16           On October 26, 2010, copies of the complaint, arrest warrant, publication order and other

17  related papers were served via first class and certified United States Mail to Mireya Vargas at her

18  last known address located at 231 "I" Street in Mendota, California 93640.  The certified return

19  receipt was signed and returned to the Government on November 2, 2010.  (Doc. 21-1 at ¶ 7.)

20           Additionally, on November 23, 2010, the aforementioned documents were sent via first

21  class and certified United States Mail to Erin Ormonde, attorney of record for Mireya Vargas in

22  the administrative forfeiture action, whom agreed to accept service on her behalf, located at 2115

23  Kern Street, Suite 101, in Fresno, California.  The certified return receipt was signed and

24  returned to the Government on November 1, 2010.  (Doc. 21-1 at ¶ 8.)

25  //

26  //

27

28                                         4

1    On November 23, 2010, the Government personally served Mireya Vargas with copies of

2    the complaint, arrest warrant, publication order and other papers related to this action, through

3    her attorney Erin Ormonde at Ms. Ormonde's office in Fresno, California.  (Doc. 21-1 at ¶ 9.)

4    ***Default Entries***

5    At the Government's request, the Clerk of the Court entered default against Mireya

6    Vargas on March 10, 2011, and against Jorge Vargas on June 1, 2011.  (Docs. 15 & 18.)

7    **DISCUSSION**

8    ***Sufficiency of the Complaint***

9    The Government contends that the allegations set forth in the Verified Complaint for

10   Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant

11   Property.  (Doc. 21 at 6.)  A complaint's sufficiency is a factor to consider when deciding

12   whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

13   Title 21 of the United States Code section 881(a)(4) provides for the forfeiture of the Defendant

14   Property as it facilitated the transportation of narcotics for sale.

15   In its Verified Complaint, the Government alleges that the Defendant Property constitutes

16   a conveyance used or intended to be used to transport, or in any manner facilitate the

17   transportation, sale, receipt, possession, or concealment of a controlled substance, and is

18   therefore subject to forfeiture.  (Doc. 1 at 3.)

19   As referenced above and set forth in the Verified Complaint, the investigation into

20   information received that Jorge Vargas was selling methamphetamine in Fresno, California,

21   resulted in the seizure of the vehicle at issue here, as well as one ounce of methamphetamine.

22   (Doc. 21 at 3.)

23   The complaint meets the requirements of Supplemental Rule G.  It is verified, states the

24   grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property

25   seized and the circumstances surrounding the seizure, and identifies the relevant statutes.  (*See*

26   Doc. 1.)  In the absence of assertion of interests in the Defendant Property, this Court is not in a

27

28                                        5

position to question the facts supporting the forfeiture of the vehicle.  The facts as alleged provide a sufficient connection between the Defendant Property - a 2007 Chevrolet Silverado 1500 Pickup Truck - and illegal drug activity to support the forfeiture.

### *Notice Requirements*

The Government contends that it provided required notice for the forfeiture of the Defendant Property.  (Doc. 21 at 7-8.)  The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law."  Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard."  *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993).

### 1.    Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings.  Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days."  Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication.  *See* Local Rules 530 & 171.

Here, pursuant to this Court's October 29, 2010, Order, the Government accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days.  (*See* Doc. 21-1, Magee Declaration, ¶ 15 & exhibits.)

### 2.    Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]."  *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of

1  the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.

2  Ct. 694 (2002).  The Government must provide such notice "as one desirous of actually

3  informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover*

4  *Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950).  "Reasonable notice, however,

5  requires only that the government attempt to provide actual notice; it does not require that the

6  government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v.*

7  *United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

8      Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by

9  means reasonably calculated to reach the potential claimant."  Additionally, this Court's Local

10  Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture.

11  The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's

12  satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by

13  personal service on the person having custody of the property; (3) if the property is in the hands

14  of a law enforcement officer, by personal service on the person having custody prior to its

15  possession by law enforcement agency or officer; and (4) by personal service or certified mail,

16  return receipt requested, to every other person who has not appeared in the action and is known

17  to have an interest in the property; provided that failure to give actual notice to such other person

18  may be excused upon a satisfactory showing of diligent efforts to give such notice without

19  success.  Local Rule 540(a).

20      Notwithstanding the Supplemental Rules and Local Rule 540(a), the Government

21  provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4

22  requirements.  *See* Fed. R. Civ. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice

23  to claimants of the property shall then be sent in the manner provided by statute or by service of a

24  summons under this rule").

25      Here, the Government personally served Mireya Vargas and Jorge Vargas, respectively,

26  with the complaint, arrest warrant, publication order and other papers regarding this action.  (*See*

27

28                          7

Docs. 14 & 17.)  The Government notes that the Defendant Property was seized from and is legally registered to Jorge Vargas.  (Doc. 21 at 8.)  Thus, Mireya Vargas and Jorge Vargas are the only claimants requiring personal service.  In sum, no notice issues arise as to the Defendant Property's forfeiture.

### Failure to File Claim or Answer

The Government contends that this Court's clerk properly entered default against Mireya Vargas and Jorge Vargas.  (Doc. 21 at 9.)  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this Court within thirty-five (35) days after the date of service of the Government's complaint or thirty (30) days after final publication of newspaper notice.  Supplemental Rules G(4)(b) & G(5).  Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action.  *United States v. Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Mireya Vargas and Jorge Vargas with copies of the complaint, arrest warrant, publication order and other papers related to this action on November 23, 2010, and April 11, 2011, respectively.

More than thirty days have passed since completion of publication notice and more than thirty-five days have passed since service of the complaint on Mireya Vargas and Jorge Vargas. This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

### Default Judgment

The Government seeks judgment against the interests of Mireya Vargas and Jorge Vargas and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property.  (Doc. 21 at 9-10.)  The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.*  Supplemental Rule A provides: "The Federal Rules of

8

1   Civil Procedure also apply to the foregoing proceedings except to the extent that they are

2   inconsistent with these Supplemental Rules."

3          Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default

4   judgment.  Federal Rules of Civil Procedure, Rule 55(a) governs entry of default:  "When a party

5   against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

6   and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

7   Generally, the default entered by the clerk establishes a defendant's liability:

8              Rule 55 gives the court considerable leeway as to what it may require
               as a prerequisite to the entry of a default judgment. The general rule
9              of law is that upon default the factual allegations of the complaint,
               except those relating to the amount of damages, will be taken as true.
10

11   *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations

12   & quotation marks omitted).

13          As noted above, the Government properly obtained default entries against the interests of

14   Mireya Vargas and Jorge Vargas.  There is no impediment to default judgment sought by the

15   Government as to them.  The Government properly seeks judgment against the interests of the

16   entire world, that is, a final forfeiture judgment to vest in the Government all right, title and

17   interest in the defendant currency.  "A judgment *in rem* affects the interests of all persons in

18   designated property . . ..  [T]he plaintiff is seeking to secure a pre-existing claim in the subject

19   property and to extinguish or establish the nonexistence of similar interests of particular

20   persons."  *Hanson v. Denckla*, 357 U.S. 235, 246, n.12, 78 S. Ct. 1228 (1958).

21          In light of the defaults, a final forfeiture judgment is in order for the Government.

22                          **RECOMMENDATIONS AND ORDER**

23          For the reasons discussed above, this Court RECOMMENDS to:

24   1.      GRANT Plaintiff United States of America default judgment against the interests

25              of Mireya Vargas and Jorge Vargas in the Defendant Property;

26

27

28                                          9

2.      ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Property; and

3.      ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

  **Dated:    July 21, 2011**          _____/s/ **Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE

10